UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FAULTRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. SAECHAO, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-1850 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.　　Introduction

Plaintiff is a state prisoner at California State Prison, Los Angeles County (CSP-LAC), proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff challenges conditions of his prior confinement at California State Prison Sacramento (CSP-SAC). By order filed August 1, 2018, this court provided plaintiff the choice between (1) proceeding on the original complaint as construed by the court, or (2) submitting a proposed First Amended Complaint (FAC). See ECF No. 5. Plaintiff chose to submit a proposed FAC, see ECF No. 8, which the court now screens pursuant to 28 U.S.C. § 1915A.

For the reasons set forth below, the court finds that the FAC states cognizable claims for excessive force and conspiracy against defendants Saechao and Shirley; a cognizable failure-to-protect claim against Shirley; and cognizable claims for retaliation and state law battery against Saechao. At plaintiff's request, the undersigned recommends dismissal of defendants Judd,

Rosewell and O'Brian from this action without prejudice.

## II. Screening of First Amended Complaint

Plaintiff has expressly withdrawn his failure-to-protect claims against defendants Judd, Rosewell and O'Brian, the only cognizable claims against them. See ECF No. 8 at 4. Therefore, the undersigned will recommend the dismissal of these defendants from this action without prejudice.

This court also found that the original complaint stated a failure-to-protect claim against defendant Shirley, based on his facilitation of, and failure to intercede in, the excessive force used against plaintiff by defendant Saechao. See ECF No. 5 at 5. This claim against Shirley remains cognizable based on the similar allegations of the FAC. See ECF No. 8 at 5-7.

Based on the legal standards and for the reasons previously set forth by this court, the FAC, like the original complaint, states cognizable claims against defendant Saechao for the use of excessive force in violation of the Eighth Amendment, and battery in violation of California law. See ECF No. 5 at 4-5, 7. The FAC also states a cognizable excessive force claim against defendant Shirley, based on his alleged "aggressive, forceful, hostile" escort of plaintiff, who was restrained, to an isolated shower area, causing plaintiff to fall down, and then allegedly holding plaintiff down until Saechao began beating him. ECF No. 8 at 6. Plaintiff alleges these actions occurred on April 24, 2017.

The FAC also states a cognizable First Amendment retaliation claim against defendant Saechao, based on the allegations that Saechao used excessive force against plaintiff in retaliation for an inmate appeal plaintiff submitted two weeks before alleging that Saechao was beating up prisoners with mental health issues. Plaintiff has now submitted a copy of the subject inmate appeal, dated April 16, 2017, in which Saechao's name is variously spelled "Say Choy" and "Say Chow." ECF No. 8 at 10. This evidence, together with plaintiff's allegations that Saechao repeatedly called him a "snitch" while hitting and kicking him, id. at 7, meets the legal standards for stating a retaliation claim of which the court previously informed plaintiff, ECF No. 5 at 5-7.

Finally, the FAC states a cognizable claim against defendants Saechao and Shirley for conspiracy to violate plaintiff's constitutional rights. A conspiracy claim made pursuant to

2

Section 1983 requires allegations of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (citation and internal quotation marks omitted), as well as an "actual deprivation of constitutional rights resulting from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (citation and internal quotation marks omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (citation and internal quotation marks omitted). To state a cognizable conspiracy claim, plaintiff must show "that the defendants conspired or acted jointly or in concert and that some overt act must have been done in furtherance of the conspiracy." Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974) (citation omitted).

The alleged agreement and common objective between defendants is supported by plaintiff's allegations that, inter alia, Shirley aggressively escorted plaintiff to an isolated area that was "off limits . . . due to construction," a "blind spot," then told plaintiff while pinning him to the ground, "Don't move. Don't fucking move. You know what's up." ECF No. 8 at 5-6. Shirley then allegedly told Saechao, "Do your thing." Id. at 6. Saechao then straddled plaintiff and beat him "for an extended period of time," while calling him a snitch. Id. at 6-7. Defendant Shirley was allegedly present the entire time. Id. at 7. Plaintiff plausibly alleges that these overt acts were in furtherance of defendants' conspiracy to physically harm plaintiff.

In summary, the FAC states cognizable claims for excessive force and conspiracy against defendants Saechao and Shirley; cognizable claims for retaliation and state law battery against defendant Saechao; and a cognizable failure-to-protect claim against defendant Shirley. The undersigned will recommend, at plaintiff's request, the dismissal of defendants Judd, Rosewell and O'Brian.

### III. Additional Materials Plaintiff Must Submit

In response to the court's prior instructions, plaintiff has submitted two completed USM 285 forms, one each for defendants Saechao and Shirley. Plaintiff must also submit a completed summons form that names both defendants and three copies of the FAC. Once all materials have been received, the court will direct the United States Marshal to serve process of the FAC on

defendants Saechao and Shirley.

IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. This action shall proceed on the First Amended Complaint (FAC), ECF No. 8.

2. Service of process is appropriate for defendants Saechao and Shirley.

3. The Clerk of Court is directed to send plaintiff, together with a copy of this order, the following: (1) one blank summons; (2) one copy of the endorsed FAC; and (3) instructions for service of process on defendants Saechao and Shirley.[1]

4. Within thirty (30) days after service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons; and

    c. Three copies of the endorsed FAC (the Marshal will retain one copy).

5. Plaintiff shall not attempt service on any defendant or request a waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Failure of plaintiff to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

7. The Clerk of the Court randomly assign a district judge to this action.

Further, for the reasons set forth above, IT IS HEREBY RECOMMENDED that previously-named defendants Judd, Rosewell and O'Brian be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written

---

[1] Plaintiff has already submitted the USM 285 forms for defendants Saechao and Shirley.

4

objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 27, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|    |                                   |                         |
| -- | --------------------------------- | ----------------------- |
|    | UNITED STATES DISTRICT COURT      |                         |
|    | FOR THE EASTERN DISTRICT OF CALIFORNIA |                    |

| CHARLES FAULTRY, | No. 2:18-cv-1850 AC P |
| --- | --- |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION |
| J. SAECHAO, et al., | |
| Defendants. | |

In compliance with the court's order filed _____, plaintiff submits the following documents:[1]

_____ One (1) completed summons form

_____ Three (3) copies of the endorsed FAC

_____   _____
Date                                              Plaintiff

---

[1] Plaintiff has already submitted the USM 285 forms for defendants Saechao and Shirley.

1