UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FAULTRY, | No. 2:18-cv-1850 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. SAECHAO, et al., | |
| Defendants. | |

**I.     Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  The case arises from events at California State Prison Sacramento (CSP-SAC), and proceeds on plaintiff's claims of excessive force and conspiracy against defendant correctional officers Saechao and Shirley; a failure-to-protect claim against defendant Shirley; and retaliation and state law battery claims against defendant Saechao.

Currently pending is defendants' motion for partial summary judgment on plaintiff's state law battery claim, on the ground that plaintiff failed to comply with the requirements of the California Government Claims Act.  ECF No. 25; see also ECF Nos. 26-7.  Plaintiff filed a response, ECF No. 28; defendants filed a reply, ECF No. 29.  This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, this court recommends that defendants' motion be granted.


## II.     Legal Standards

### A.     Motions for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Securities Litigation), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1)(A), (B).

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment ... is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials

of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. Moreover, "[a] [p]laintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

### B. State Law Claims and the California Government Claims Act

State law claims are governed by California law, which requires compliance with the California Government Claims Act (CGCA or Claims Act). "Before a person can sue a [California] public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the CGCA, codified at California Government Code section 810 et seq." Robinson v. Alameda County, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (citations omitted). The claim presentation requirement of the California statute applies to state law claims brought in federal court. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Under the Claims Act, a claim alleging a cause of action for personal injury must be presented to the public entity no later than six months after the accrual of the cause of action. Cal. Gov. Code § 911.2(a). If the public entity provides written notice rejecting the claim, the claimant has six months thereafter to initiate a lawsuit. Id., § 945.6(a)(1). If the public entity fails to provide written notice, the claimant has two years from the accrual of the cause of action to initiate suit. Id., § 945.6(a)(2). "[T]he filing of a [state tort] claim for damages is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against

defendant, in short, an integral part of plaintiff's cause of action." Williams v. Horvath, 16 Cal.3d 834, 842 (1976) (citations and internal quotation marks omitted). "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004).

Because "compliance with the claim presentation requirement is an element of a cause of action against a public entity," plaintiff's failure "to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to general demurrer for failure to state a cause of action." Id. at 1240-41 (citations and internal quotation marks omitted). "[T]he purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974) (citations omitted).

### III. Undisputed Facts

Defendants' motion and supporting evidence, and plaintiff's opposition thereto, demonstrate that plaintiff did not file a claim under the California Government Claims Act relevant to his allegations in this case. The undisputed facts are as follows:

• As of November 15, 2019, plaintiff had submitted two claims under the California Government Claims Act. Both claims involved incidents that occurred in 2016.[1] The incident challenged in the instant case occurred on April 24, 2017.

• Plaintiff testified at his August 22, 2019 deposition that he did not recall filing a Government Claim related to the instant case.[2]

• In his opposition to the pending motion, plaintiff argues that his alleged failure to file a Government Claim is "irrelevant" because that process "mainly deals with property issues and can only give or grant no more than $25,000 which in this case plaintiff is requesting one million. Plaintiff also in the past has filed GCP on issues similar that were denied for reasons of issues

////

---

[1] See Attachments to Declaration of Tanisha Worthy, ECF No. 26 at 4 et seq.
[2] See Declaration of Lucas L. Hennes, Deputy Attorney General, ECF No. 25-4 at 2, ¶2 and Ex. A, ECF No. 25-4 at 5 (excerpt, Pltf. Depo. at 59:20-25).

raised being too complex and are best determined by courts." ECF No. 28 at 1-2 (with minor edits).

This evidence demonstrates beyond any dispute that plaintiff did not submit a claim to the California Government Claims Board regarding the April 24, 2017 incident that is the basis for his battery claim against Saechao.

**IV.     Analysis**

As explained above, a plaintiff must demonstrate compliance with California tort claims procedures to before filing a state law tort claim against a public employee. See Cal. Govt. Code §§ 900 et seq. This claim presentation requirement applies to state law claims brought in federal court. Karim-Panahi, 839 F.2d at 627.

In the present case, plaintiff's undisputed failure to submit a claim to the California Government Claims Board concerning the matters challenged in this case precludes his state law battery claim against defendant Saechao. As a result, this action should proceed only on plaintiff's federal claims against defendants Saechao and Shirley.

**V.     Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for partial summary judgment on plaintiff's battery claim against defendant Saechao, ECF No. 25, be GRANTED;

2. This action proceed only on plaintiff's federal claims for excessive force and conspiracy against defendants Saechao and Shirley; a failure-to-protect claim against defendant Shirley; and a retaliation claim against defendant Saechao.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 14, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE