UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FAULTRY,<br><br>    Plaintiff,<br><br>    v.<br><br>J. SAECHAO, et al.,<br><br>    Defendants. | No. 2:18-cv-1850 KJM AC P<br><br>ORDER |

**I.      Introduction**

Plaintiff is a California state prisoner who proceeds pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff pursues claims of excessive force, failure-to-protect, conspiracy and retaliation against CSP-SAC correctional officers Saechao and Shirley.[1] Plaintiff has filed motions for discovery and for appointment of counsel. ECF Nos. 30, 34. For the reasons set forth below, the court denies both motions.

**II.     Plaintiff's Motion for Discovery**

The Discovery and Scheduling Order set a discovery deadline in this case of August 30, 2019. See ECF No. 22. The order provided in pertinent part that all requests for discovery were

---

[1] The undersigned has recently issued findings and recommendations in this case that recommend the dismissal of plaintiff's state law battery claim due to plaintiff's failure to comply with the requirements of the California Government Claims Act.

1

1   to be served not later than sixty (60) days prior to that deadline, which was July 1, 2019. Id. at 5.

2         On June 4, 2019, plaintiff filed a "motion for discovery" seeking documents from
3   defendants. ECF No. 23. On June 6, 2019, the court denied the motion without prejudice,
4   identified the authorized methods for seeking discovery, and informed plaintiff that he must direct
5   his discovery requests to defense counsel in the first instance. ECF No. 24.

6         Defendant has presented the following information in opposition to the current motion.
7   ECF No. 31. At plaintiff's deposition on August 22, 2019, plaintiff told defense counsel that he
8   was seeking certain documents through discovery. Counsel informed plaintiff that defendants
9   had not received any discovery requests from him. On August 27, 2019, defense counsel
10  received a "motion for amended discovery" from plaintiff, dated August 22, 2019. See ECF No.
11  31-1 at 4-5. The request was very similar to that filed in this court on June 4, 2019. Cf. ECF No.
12  23. Because the request was served after the July 1, 2019 deadline set by the court's Discovery
13  and Scheduling Order, defense counsel did not respond to the request.

14        On December 2, 2019, defense counsel received another "motion for amended discovery,"
15  identical to plaintiff's August 22, 2019 request but dated November 19, 2019. See ECF No. 31-1
16  at 11-2. Counsel responded to plaintiff by letter dated December 3, 2019, informing plaintiff that
17  discovery had closed and defendants would not respond.

18        Now pending is plaintiff's motion to compel discovery. ECF No. 30. Although the
19  motion does not reference the court's Discovery and Scheduling Order deadlines, plaintiff avers
20  that he initially "informally requested" the currently sought discovery from defense counsel by
21  letters mailed June 28, 2019 and July 5, 2019. Id. at 4, 5. Plaintiff has attached a copy of a prison
22  mail room log which reflects outgoing mail from plaintiff to defense counsel on these dates, id. at
23  6, as well as on August 23, 2019 and November 21, 2019, id. at 7. Plaintiff avers that defense
24  counsel "failed to respond." Id. at 8.

25        Rule 16, Federal Rules of Civil Procedure, authorizes modification of a scheduling order
26  "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good
27  cause' standard primarily considers the diligence of the party seeking the amendment. The
28  district court may modify the pretrial schedule 'if it cannot reasonably be met despite the

diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Rule 16 advisory committee's notes (1983 amendment)) (further citations omitted).

Because plaintiff has failed to demonstrate due diligence in pursuing discovery in this case, the court finds no cause under Rule 16 to modify the scheduling order.  When plaintiff filed his first "motion for discovery" with the court on June 4, 2019, the court immediately informed plaintiff that he must make his discovery requests directly to defense counsel.  Plaintiff then had nearly a month, until July 1, 2019, to timely serve his discovery requests on defendant.  Plaintiff states that he made his initial "informal request" for discovery from defense counsel by letter mailed June 28, 2019, followed by requests sent July 5, 2019, August 23, 2019 and November 21, 2019.  Defense counsel states that only the latter two communications were actually discovery requests.

Even if plaintiff sent a timely discovery request to defense counsel on June 28, 2019, followed by an untimely second request mailed July 5, 2019, defendant's failure to respond should have been addressed by a timely motion to compel filed on or before August 30, 2019.  The instant motion to compel, filed February 21, 2020, is untimely.  At no time did plaintiff request a modification of the court's Discovery and Scheduling Order or extension of the deadlines therein.  Discovery accordingly closed several months ago, and the court finds that plaintiff has failed to demonstrate good cause to reopen it.

### III.  Plaintiff's Motion for Appointment of Counsel

In addition to his indigency and pro se status, plaintiff requests appointment of counsel on the following grounds: threats against him by correctional officers loyal to defendants; denial of access to the law library, in retaliation for pursuing this lawsuit; curtailment of law library access to all inmates due to the COVID-19 pandemic; and his poor mental health.  ECF No. 34.

There is no absolute right to counsel for indigent prisoners proceeding pro se with a civil rights action.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  Only in certain exceptional circumstances may a district court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

1  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether
2  "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the
3  merits as well as his ability to articulate his claims pro se in light of the complexity of the legal
4  issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of
5  demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most
6  prisoners, such as lack of legal education and limited law library access, do not establish
7  exceptional circumstances supporting appointment of counsel.  Id.

8  Plaintiff has not met his burden of demonstrating exceptional circumstances warranting
9  the appointment of counsel at this time.  The circumstances identified by plaintiff are common to
10 most prisoners.  It is not unusual for an inmate to be incarcerated at a facility where the
11 defendants named in his action remain employed, and may have the loyalty of other employees.[2]
12 Moreover, this circumstance is unrelated to the need for counsel.  The impacts of the COVID-19
13 health crisis on prison operations are also common to all prisoners.  Plaintiff's status as a mental
14 health patient is not unique.  Moreover, because the deadlines for discovery and dispositive
15 motions have closed in this case, plaintiff does not have an immediate need to access prison
16 library resources.  Finally, because defendants did not seek summary judgment on plaintiff's
17 federal claims and the time for doing so has passed, it is evident that plaintiff has capably
18 articulated his allegations and claims pro se.  For these reasons, plaintiff's instant request for
19 appointment of counsel will be denied.

20 **IV.    Conclusion**
21 Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:
22 1. Plaintiff's motion to compel discovery, ECF No. 30, is denied; and
23 ////
24 ////
25 ////
26

---

27 [2] Nevertheless, new retaliatory conduct by a correctional employee due to a prisoner's pursuit of civil litigation provides grounds for a separate lawsuit.  See Rhodes v. Robinson, 408 F.3d 559,
28 567-68 (9th Cir. 2005); see also Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

2. Plaintiff's motion for appointment of counsel, ECF No. 34, is denied without prejudice.

IT IS SO ORDERED.

DATED: May 19, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5