**JENNER & BLOCK LLP**
Kirsten H. Spira (Cal. Bar No. 119889)
kspira@jenner.com
Wesley M. Griffith (Cal. Bar No. 286390)
wgriffith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
*Pro Bono* Attorneys for Plaintiff
Charles Faultry

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
TRACY S. HENDRICKSON, State Bar No. 155081
Supervising Deputy Attorney General
ANDREW WHISNAND, State Bar No. 300739
Deputy Attorney General
California Office of the Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7366
Fax: (916) 324-5205
E-mail: Andrew.Whisnand@doj.ca.gov
*Attorneys for Defendant J. Saechao*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| CHARLES FAULTRY, Plaintiff, v. J. SAECHAO, et al., Defendants. | Case No. 2:18-cv-01850 AC<br><br>**JOINT STIPULATION TO REOPEN LIMITED DISCOVERY AND ~~PROPOSED~~ ORDER**<br><br>Judge: The Honorable Allison Claire<br>Action Filed: June 28, 2018 |
|---|---|

WHEREAS, Plaintiff Charles Faultry, who is incarcerated, filed this action on a *pro se* basis against Defendant on or about June 28, 2018.

WHEREAS, Mr. Faultry attempted to pursue discovery in advance of the August 30, 2019 fact discovery cutoff but was unsuccessful in his *pro se* discovery efforts.  (ECF Nos. 22, 36 [order denying Plaintiff's motion to compel discovery on the grounds that his discovery requests were untimely served].)

WHEREAS, certain forms of discovery, such as depositions and the retention of experts, were not reasonably available to Mr. Faultry while he was proceeding *pro se.*

WHEREAS, on January 26, 2021, this Court entered an order appointing Jenner & Block LLP ("Jenner") as *pro bono* counsel for Mr. Faultry.  (ECF No. 53.)

WHEREAS, upon its appointment, Jenner immediately began reviewing the publicly available records, wrote to Defendant "informally" requesting additional factual records, and scheduled the first available meeting with its *pro bono* client.  (*See* ECF No. 54.)

WHEREAS, Defendant has "informally" produced certain records at Jenner's request.

WHEREAS, after meeting with its client and reviewing the materials "informally" produced by Defendant, it has become clear to Jenner that additional targeted, formal discovery will be required if this action does not promptly settle.

WHEREAS, the parties have scheduled a second settlement conference for March 19, 2021 (the "Second Settlement Conference"), or as soon thereafter as it may be held, before Magistrate Judge Newman.

WHEREAS, on February 16, 2021, the parties filed consents to proceed before Magistrate Claire for all purposes, (ECF Nos. 56, 57), and as a result, the parties anticipate that the Court is likely to vacate the March 26, 2021 Pretrial Conference before Judge Mueller.

WHEREAS, pursuant to Local Rule 144(b), the parties advise that it appears that the deadline to conduct fact discovery ended on August 30, 2019 and was not previously extended.  (ECF No. 22.)

WHEREAS, a trial date has not been set in this matter.

WHEREAS, a brief opening of targeted discovery will serve the ends of justice, not prejudice any party, nor materially delay the resolution of this action.

/ / /

/ / /

In light of the foregoing circumstances and good cause appearing, IT IS THEREFORE STIPULATED AND AGREED:

1. If the action does not resolve at the Second Settlement Conference, fact discovery will reopen on March 29, 2021 as to the items identified in paragraphs 2-4, below, and will close on June 11, 2021.

2. At his sole discretion, Mr. Faultry may pursue the following depositions:[1]

   a. Half day remote depositions of each of the witnesses identified in Defendant's Pretrial Statement. (ECF No. 50.)

   b. A full day remote deposition of Defendant.

   c. A full day remote deposition of CDCR inmate Atha.

3. Subject to the execution of a mutually agreeable protective order between the parties and approval of that protective order by this Court, at his sole discretion, Mr. Faultry may pursue discovery of the following:

   a. Documents sufficient to show the layout of the area in the prison where the April 24, 2017 alleged attack on Mr. Faultry by Defendant occurred (the "Incident"), inclusive of the "C-Section" shower area.

   b. Documents showing whether the area of the prison where Mr. Faultry was allegedly attacked was "under construction" or otherwise "closed" to general use at the time of the Incident, inclusive of the "C-Section" shower area.

   c. To the extent not already informally produced by Defendant, all CDCR records related to the Incident.[2]

4. At his sole discretion, Mr. Faultry may pursue discovery of each of the following, subject to Defendant's right to object to such discovery once it is served:

---

[1] In the event that issues relating to COVID-19 interfere with the parties' ability to timely conduct these depositions, the parties will agree to a brief extension of time to conduct these depositions if necessary.

[2] The parties acknowledge that to the extent such records concern third-party inmates, such inmates will need to be provided notice under California Civil Code Section 1798.24 that their records may be disclosed to Plaintiff's counsel under a protective order.

     a. A copy of Defendant's disciplinary records, including copies of any inmate complaints against Defendant related to the use of force.

b. To the extent not already informally produced by Defendant, all CDCR records related to the alleged attack on inmate Atha on or around April 9, 2017.

5. Expert discovery will close on July 16, 2021. Experts, if any, and their associated reports shall be disclosed no later than June 18, 2021. If mutually agreed between the parties in writing, they may further modify the expert discovery deadlines without a further court order, provided that all expert discovery is completed in advance of trial.

6. A remote status conference to discuss trial setting is set for 10:00 AM on May 19, 2021 or on such other date and time as set by the Court, with a joint status report due fourteen (14) days prior.

Dated: February 19, 2021

JENNER & BLOCK LLP

By: *_/s/ Wesley M. Griffith_*
Wesley M. Griffith

Attorneys for Plaintiff Charles Faultry

Dated: February 19, 2021

OFFICE OF THE ATTORNEY GENERAL

By: *_/s/ Andrew J. Whisnand_* (as authorized on February 19, 2021 and pursuant to L.R. 131)

Attorney for Defendant J. Saechao

**IT IS SO ORDERED.**

DATED: February 24, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE